# EXHIBIT 1



A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Post Office Box 1477 • Augusta, Georgia 30903-1477
One 10th Street, Suite 700 • Augusta, Georgia 30901

Telephone: (706) 724-0171
**John E. Price**
Admitted in Georgia
Direct Phone No: (706) 828-2645
Direct FAX No: (706) 396-3645
E-Mail: jprice@FulcherLaw.com

October 6, 2023

**VIA FEDERAL EXPRESS and E-MAIL TO**: mike@tabletopconsulting.com

| | |
|---|---|
| Mr. Mike Thomas | Mr. Mike Thomas |
| 27 Troon Way | 132 Chesterfield St. S. |
| Aiken, SC 29803 | Aiken, SC 29801 |

Dear Mr. Thomas,

    I am writing you on behalf of my client and your former employer, Full Circle Holdings, LLC ("Full Circle"), as well as its owners and affiliates, including Alison South Marketing Group ("Alison South"). It has come to my clients' attention that you are currently violating and continuing to violate the post-employment restrictions in your January 1, 2023 employment agreement (the **"Employment Agreement"**), which you executed ancillary to that certain Equity Purchase Agreement effective January 1, 2023 between and among Xiingo.com, Inc., Kathleen Sanders, and yourself (the **"Purchase Agreement"**).

    Pursuant to Section 1 of the Employment Agreement, the term the of the Employment Agreement was for thirty-six (36) months (**"Term"**). Pursuant to Sections 6 and 7(a) of your Employment Agreement, you agreed that, should you resign from Full Circle, you would abide by certain restrictive covenant agreements (the **"Restrictive Covenants"**) for a period of time equal to the remainder of the Term, plus an additional twelve (12) month period after the expiration of the Term, or in other words until January 1, 2027.

    Specifically, you agreed that you would keep confidential all Business Trade Secrets, as defined in the Employment Agreement. You further agreed that you would not "directly or indirectly, on [your] behalf or on behalf of any third party, compete with or assist any third party to compete with [Full Circle] or its affiliates in the geographic area which includes Aiken, South Carolina or Augusta, Georgia and areas within ten (10) miles of such locations." Finally, you agreed that you would not "solicit for employment or otherwise cause or induce any other employee of [Full Circle] or any of its affiliates to voluntarily terminate his or her employment with [Full Circle] or its Affiliate for the purpose of seeking employment with [you] or any business enterprise in which [you are] engaged or affiliated." Furthermore, upon your resignation, you also signed Exit Paperwork in which you agreed that you would keep Alison South's proprietary and confidential business information private and that you would not approach Alison South clients.

    My clients are aware that you have contacted multiple clients of Full Circle, Alison South, or their affiliates in order to provide them services competitive with those provided by Full Circle and its affiliates. My clients have also become aware of information that would indicate you have assisted or intend to assist others in competing with Full Circle.

    My clients are further aware that you have made comments and overtures to employees of Full Circle that could be construed as soliciting them to work with you or your affiliates in future employment. It is my clients' further understanding that you have in your possession a cell phone belonging to Full Circle that contains client data and contact information, as well as a full backup image of your Full Circle computer. Based on our investigation, it would appear you are misusing this confidential and Business

Michael Thomas
October 6, 2023
Page 2 of 4

_____

Trade Secret information for your own benefit and to facilitate your violations or attempted violations of the Restrictive Covenants.

Finally, my clients are aware that you have made comments to clients, employees, and others that are critical of Full Circle's leadership and designed to discredit them and damage their reputations. These disparaging statements may be actionable as defamation and/or tortious interference with contractual relations.

Although our investigation is continuing, based on the foregoing information, Full Circle has reason to believe that you are in violation of your contractual and common law obligations (all such actions, and any actions related thereto, are referred to collectively herein as "Breaches") under the Employment Agreement. Full Circle also has reason to believe that you will continue to attempt to avoid the obligations of your Employment Agreement and to commit these Breaches.

Of particular concern to Full Circle, your Employment Agreement was ancillary to the Equity Purchase Agreement, under which my clients owe certain ongoing financial obligations for the purchase of the equity interests – more specifically a promissory note. Your Breaches directly impact my client's ability to satisfy those financial obligations and damage the equity interests which my clients purchased and cause damage to Full Circle's goodwill, customer relationships, and other assets. My clients intend to seek, without limitation, equitable offsets to any financial obligations owed to you in light of the Breaches, as well as all other direct and consequential damages.

Based on the foregoing, we demand that you **immediately cease and desist** from:

1. Directly or indirectly taking any further actions or making any communications, whether written or oral, to solicit Full Circle's clients or employees for the purpose of competing with Full Circle in violation of your Employment Agreement;

2. Taking any further action to misuse Full Circle's Business Trade Secrets and confidential business information;

3. Making disparaging and defamatory statements about Full Circle and/or its leadership;

4. Any further violations of the terms of the Restrictive Covenants or other terms of your Employment Agreement; and

5. Taking any further actions to damage Full Circe's good will and customer relationships.

**We further demand the immediate return of all Full Circle and/or Alison South Marketing property, data, or information in your possession, including the aforementioned smartphone and data from your Full Circle computer. We further demand that you certify, in writing and under oath, that you have not retained any copies of or access to any Full Circle or Alison South Marking information, data, or property and that any copies of such information or data has either been returned to Full Circle or destroyed. The smartphone and any storage media (e.g., thumb drive, external hard drive, CD-ROM, or other data storage medium) can be returned to our office address above.**

We are currently investigating the situation and evaluating our legal options, including bringing any necessary legal action to seek equitable remedies, including injunctive relief, and recover damages for the Breaches. My clients reserve the right to take any and all actions and remedies afforded to it under the Employment Agreement and applicable law including, but not limited to, seeking a temporary restraining

Michael Thomas
October 6, 2023
Page 3 of 4

_____

order and/or a preliminary injunction against you and/or those acting in concert with you to enjoin you from further Breaches.

You are now on notice of potential litigation. In light of the foregoing investigation and the potential for litigation, we hereby demand that you **PRESERVE ALL DOCUMENTS** (as that term is understood and applied under Federal Rule of Civil Procedure 34 and under other applicable law), including, but not limited to electronically stored information ("ESI") (as that term is understood and applied under Federal Rule of Civil Procedure 34 and other applicable law) and tangible things that could reasonably relate to, or have the potential to be discoverable (without necessarily being admissible in evidence) in connection with, the factual allegations, legal issues, claims for relief, and parties relating to the Breaches, and in connection with the subject matter of the Breaches.

This demand includes, without limiting the generality of the foregoing, all financial and accounting books, records, ledgers, journals, summaries, paychecks, tax records, customer orders, delivery tickets, interoffice communications, external communications, and all e-mail and other digital communications, word processing documents, .pdf files, spreadsheets, databases, calendars, telephone logs, contact information, usage files, and access information from networks, databases, computer systems (including legacy systems, hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges, and other storage media, laptops, intellectual property documentation and records, personal computers, tablets, digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail).

In addition to the foregoing general preservation request, you are specifically requested to preserve any documents, tangible items, or ESI related to:

1. Your communications, in any form and on any type of device, between yourself and any employee of Full Circle;

2. Your communications, in any form and on any type of device, between yourself and **any** client of Full Circle or its affiliates and subsidiaries, including but not limited to any owners, shareholders, officers, directors, agents, contractors, or employees of Bela Family Dentistry, BJM Group, or Hixon's Roofing;

3. Any and all communications, data, or other information on cellular or other devices that are or have been associated with the phone numbers 706-955-6298 and 803-665-8461;

4. The entire contents of the e-mail account for mike@tabletopconsulting.com and any other e-mail accounts used by you or your spouse, Ashley Thomas;

5. Any and all records, data, or other information in your possession which constitute Business Trade Secrets under the Employment Agreement or confidential information belonging to Alison South; and

6. Any communications, in any form and on any type of device, in which you transmitted Full Circle's Business Trade Secrets or confidential information to any other person.

We expect you and your spouse, advisors, consultants, vendors, customers, and potential employers to preserve documents, ESI, and tangible things in the possession or control of any or each of you. This demand is made without respect to whether you presently anticipate producing such ESI in a lawsuit or in connection with the Breaches. My clients contend that the demand to preserve both accessible and

Michael Thomas
October 6, 2023
Page 4 of 4

---

inaccessible ESI is reasonable and necessary under the circumstances of the Breaches. In the event that such evidence is not preserved, you may be subject to sanctions.

My client expects you and your spouse, advisors, consultants, vendors, customers, and potential employers to initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. For each piece of ESI, documents, and tangible things that you preserve, my client will expect a proper chain of custody ensuring that no material changes, alterations, or modifications were made when the evidence was handled. Chain of custody documentation should indicate where each item of ESI, documents, and tangible things has been, in whose possession it has been, and the reason for that possession.

I am available to discuss with you or your counsel reasonable preservation steps and return of confidential information; however, do not delay in taking proper precautions to preserve relevant ESI, documents, and tangible things as they may be lost or corrupted as a consequence of delay. Should the failure of you and your spouse, advisors, consultants, vendors, customers, and potential employers to preserve potentially discoverable evidence result in the corruption, loss, or delay in production of ESI, documents, and tangible things to which my client is entitled, such failure would constitute spoliation of evidence, for which we will not hesitate to seek sanctions pursuant to applicable Georgia, South Carolina, and/or federal law.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of Full Circle's rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

**Please certify in writing within five (5) business days that you have received this demand and will comply.** Thank you for your immediate attention to this matter.

Sincerely,

*[signature]*

John E. Price
For the Firm

JEP:SJA
CC:   Arvind Betala (via e-mail)
      Priya Betala (via e-mail)
      Vishal Shah (via e-mail)
      Charles George, Esq. (via email to charles@george-law.com and U.S. Mail to P.O. Box 354, Mount Pleasant, SC 29465-0354
      Kevin E. Pethick (via U.S. Mail to 115 Hearthstone Drive, Aiken, SC 29803)