IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
AUGUSTA DIV.
23 DEC 15 AM 10:07
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| Willy Harpo | Civil Action No. |
| v. | (a) 1:21-CV-087 |
| INTERMARK MANAGEMENT CORPORATION, et. al. | (b) 1:20-CV-176 |
| Defendants | (c) 1:20-CV-161 |
| | (d) 1:20-CV-137 |
| | (Quadruple Filing) |

**PLAINTIFF'S MOTION TO COMPEL CLERK OF RICHMOND COUNTY MAGISTRATE COURT TO PRODUCE AND DELIVER TIMELY REQUESTED MATERIAL DISCOVERABLE EVIDENCE CONTAINED WITHIN WITHELD STATE COURT RECORDS (EMERGENCY)**

Now Comes the Plaintiff, pro se, Willy Harpo ("Plaintiff"), in the action styled above, pursuant to the All Writs Act (        ) and the Federal Rules of Civil Procedure ("F.R. Civ. P.") per discovery, to move this Court to compel the Clerk of the Richmond County Magistrate Court (Richmond County, Georgia) to produce and deliver to the Plaintiff and this Court materially relevant and pertinent discoverable evidence contained within such Clerk's official records as filed by Plaintiff but wrongfully witheld and suppressed from disclosure pursuant to Plaintiff's delivered discovery requests in this matter to said Clerk within the period provided by this Court. In support hereof, Plaintiff shows as follows:

(1.7)

(1) Pursuant to the provided fact discovery period shown in the Magistrates September 09, 2022 order, Plaintiff did draft and deliver request(s) to the Clerk of Richmond County Magistrate Court seeking, inter alia, the Clerk's production and delivery (for inspection) of an authentic copy of the digital compact disc containing video evidence of the events occurring at the June 16, 2021 hearing in the Richmond County Magistrate Court as filed by Plaintiff on July 21, 2021 and memorialized on said Clerk's docket. (Doc. No. 119).

(2) Plaintiff's said requests were duly and successfully delivered by certified postal mail in a timely manner before the lapse of the designated fact discovery period shown in this Court's order, and were made expressly in legible writing in unambiguous terms.

(3) The said compact disc was professionally recorded and mastered; was operable and viewable without any technical defects; and was tested by the Clerk upon submission by Plaintiff and deemed technically acceptable and suitable for inclusion into the state court's records by said state court Clerk prior to acceptance for filing by said Clerk.

(4) Despite Plaintiff's said requests to said state court Clerk, and subsequent requests for a response after an extensive period of nondisclosure, the state court Clerk has steadfastly and entirely ignored Plaintiff's said requests and communications to resolve such issues, and has wholly failed to produce or deliver said material or otherwise explain any cause

(2.7)

(4) for declining to so respond or provide any access thereto whatsoever.

(5) Said compact disc and the video evidence contained thereon is supremely relevant to the issues pending before this Court as relates to Plaintiff's complaint allegations, and the claims expressly and inferrably raised by the improperly-filed belated alleged "answer" of Defendants INTERMARK; PRUITT; and HAYES (and, arguably, Markyna as well), and the purported Motion to Dismiss of said Defendants respectively pending before the Court.

(6) Plaintiff's claims concerning the Defendants' willful violation of the subject-matter jurisdiction of this Court by conspiring with state court officials to obtain void state court orders, during the time the state court case remained removed to this Court, to obtain dismissal of this case by use of such void orders; Defendants' pre-default receipt of actual written and verbal notice of this action directly from Plaintiff at said state court hearing; and other issues now before the Court are subject to be conclusively resolved by virtue of the direct irrefutable evidence sought by Plaintiff as withheld by the state court clerk and which unequivocably offers support to Plaintiff's claims. (F.R.Civ.P. 26(a)). (F.R.Civ.P.           ). (28 U.S.C. §1446(d)). (Doc. No. 204, at 149-182).

(7) Plaintiff cannot obtain said state court records unless this Court assists Plaintiff in doing so; the said clerk deliberately and strategically sought to obstruct Plaintiff's ability to competently seek and obtain an effective state court appeal of the state court's trial judges' orders (filed on June 30, 2021 and on January 24, 2023) by excluding the subject compact disc from the clerk's certified state court appeal record sent to Plaintiff which Plaintiff, in turn, filed into this case as document number 204; the state court clerk has violated Georgia's records laws and clerk's duties (and federal law) by certifying and mailing such incomplete mutilated state court record such

(3-7)

(7) that evinces a clear dereliction of the clerk's duties and an apparent indication of the likelihood of such clerk's future intent to thwart and dishonor any additional effort of Plaintiff to obtain the good faith voluntary cooperation of the state court clerk in the receipt of the requested state court records at subject without the formal express intervention of this Court. (Doc. No. 204, Ex. A).

(8) Unless this Court intervenes, Plaintiff would be unable to effectively show cause as intended and desired by use of said state court records because Plaintiff has no other accessible source in which to obtain said record(s) with which to show cause to this Court, and is prejudiced and harmed without the same as Defendants have denied Plaintiff's claims per events occurring at said hearing. (Docs. 27, 83).

(9) Because a significant amount of time exceeding or approaching one (1) year since Plaintiff first made said request (without yet receipt of any disclosure or other response) has transpired, and ample cause exists to support a motive of the clerk to destroy and mutilate the records sought by Plaintiff to prevent Plaintiff's usage and benefit thereof to the ostensible detriment of state court officials superior to the clerk operating at Defendants' behest, prompt and meaningful emergent action is necessary to protect the integrity and security of the records sought which hold substantial interest toward this Court's subject-matter jurisdiction over the claims of Plaintiff's Complaint and the removed state court case, as well as to permit submission of proof pertaining to the Court's resolution of the parties' competing claims of material facts that are central to the issues present in the case.

(4.7)

(10) By virtue of evidentiary presentment of the cited video disc held by said State Court Clerk, Plaintiff intends to prove, in part, that Defendants of present record recieved and enjoyed actual knowledge of the pendency of this (and the related) action directly and unambiguously from Plaintiff in State Court on June 16, 2021, following such Defendants' reciept of formal service of the summons and complaint on June 15, 2021 (as shown of record), within the time said Defendants enjoyed the benefit of access to experienced retained professionally trained and licensed counsel, but still willfully and intelligently elected to ignore the instant suit (and declined to appear or otherwise defend against the case) until a later time of Defendants' own choosing (rather than on or before the Court-imposed legal dead-line prescribed under Rule 12) without proffer of any factual explanation for such action or submission of a due request for permission of the Court to appear out-of-time before purportedly filing a document styled as an answer on October 5, 2021 (sans certification of an effort to even confer with Plaintiff prior thereto).

(11) Plaintiff, hereby, certifies that Plaintiff has made several repeated good faith attempts to confer with said State Court Clerk (and other relevant state Court officials) to amicably and conveniently resolve the issues presented herein prior to seeking the instant relief from

(5.7)

(11) (or involving) this Court to no avail and is relegated to pursue this motion as the exclusive alternative to obtain such relief, therefore.

(12) Plaintiff, further, hereby certifies, deposes, and attests to the above and within as true, correct, and based upon Plaintiff's own direct personal knowledge of said factual allegations, under penalty of perjury, pursuant to 28 U.S.C. §1746 and all relevant laws of the States of America united. (28 U.S.C. §1746).

- Whereas, for cause above and foregoing, Plaintiff hereby moves this Court for a formal written order granting Plaintiff the relief outlined as follows:

    (1) An order directing the Clerk of Richmond County Magistrate Court to appear and show cause as to why such Clerk should not be compelled to produce and deliver to the Court and Plaintiff:

    (a) Responses of the Clerk to Plaintiff's discovery requests directed to said Clerk (i.e. Request for Admissions; Request for Production and Inspection; Notice of Deposition, and;

    (b) A certified copy of the digital compact disc containing video evidence of the June 16, 2021 proceeding that transpired in Richmond County Magistrate Court civil case number 92784A (INTERMARK AUGUSTA PROPERTIES v. Wihly Harpo) as shown in Exhibit A of docket entry number 20A hereof this federal action record.

(6.7)

(2) An evidentiary hearing before the Court involving the parties of record and the said Clerk of the state Court, such hearing being duly recorded in full;

(3) Such additional and relevantly consistent relief deemed just and proper.

Submitted and filed, Respectfully,
This 22nd date of November, 2023.   /s/ _____
                                    Xlindy Harpo, Plaintiff
— F.C.I. Coleman Low, P.O. Box 1031      (#23619-509)
  Coleman, Fla. 33521

---

— CERTIFICATE OF DISCOVERY —

I — Xlindy Harpo — hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746 and all relevant laws of the States of America united, that I have, on this date, duly sent notice of this filing to the following recipients by placing the same in the U.S.P.S. first-class prison mailbox/in secured packaging, bearing sufficient pre-paid postage affixed securely thereto, correctly and legibly addressed to:

(1) Sean L. Hynes c/o Jill Downey-Morris, 288 Washington Avenue, Marietta, Georgia 30060

(2) Clerk — Richmond County Magistrate Court
    735 James Brown Boulevard
    Suite 1400
    Augusta, Georgia 30901

This 22nd day of November, 2023.   /s/ _____
                                    Xlindy Harpo, Plaintiff

(7.7)

1:21-cv-87

Wihly Harpo #23619-509
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521

---

