IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| XIINGO.COM, INC.; FULL CIRCLE HOLDINGS, LLC; and ALISON SOUTH MARKETING GROUP, LLC, | * * * * | |
| Plaintiffs, | * * | CV 123-184 |
| v. | * * | |
| MICHAEL THOMAS; ASHLEY THOMAS; WESLEY ROBERTS; KATHLEEN SANDERS; and NEXT MARKETING GROUP, LLC, | * * * * * | |
| Defendants. | * * | |

O R D E R

Before the Court are Plaintiffs' motion for temporary restraining order ("TRO") (Doc. 6.) and Plaintiffs' motion for expedited discovery (Doc. 5). For the reasons stated below, Plaintiffs' motion for TRO is **GRANTED** and Plaintiffs' motion for expedited discovery is **GRANTED IN PART**.

Upon consideration of Plaintiffs' verified complaint, as well as Plaintiffs' motion for TRO and all supporting declarations and memoranda of law, the Court finds, based upon the findings set forth in the hearing on this matter held December 6, 2023, that Plaintiffs have satisfied their burden of persuasion on all four elements prerequisite to granting a TRO. They have shown (1) a substantial likelihood of success on the merits; (2) that

Plaintiffs will suffer irreparable harm to their business by Defendants' use of confidential business information and solicitation of employees and clients unless the TRO issues; (3) the threatened harm to Plaintiffs outweighs the damage the proposed injunction may cause the Defendants; and (4) if issued, the TRO would not be adverse to the public interest.

Furthermore, the Court finds Plaintiffs have demonstrated good cause for limited expedited discovery. When determining whether good cause exists, the Court considers the following factors: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." Prospero v. Sullivan, No. 2:20-CV-110, 2020 WL 13735205, at *2 (S.D. Ga. Nov. 13, 2020) (citations omitted). While Plaintiffs requested a list of expedited discovery procedures in their motion (Doc. 5, at 5-6), they indicated at the hearing held on December 6, 2023 they are content to limit expedited discovery at this time to a forensic examination of the electronic devices and media as set out below and in their motions (Doc. 6-4, at 2; Doc. 5, at 6). Based upon Plaintiffs' limitation, the Court finds all five factors have been satisfied and Plaintiffs' request for expedited discovery should be granted in part.

2

Accordingly, it is **HEREBY ORDERED** that Plaintiffs' motions are **GRANTED** as follows:

A. Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, LLC are restrained and enjoined from soliciting for employment or hiring any person employed by Plaintiff Full Circle Holdings, LLC ("Full Circle") and/or Plaintiff Alison South Marketing, LLC ("Alison South") at the time of Mr. Thomas's resignation from Full Circle/Alison South on September 21, 2023.

B. Defendants Michael Thomas, Next Group Marketing, LLC, and their employees/agents, including but not limited to Defendants Wesley Roberts and Ashley Thomas, are restrained and enjoined from competing against Full Circle/Alison South in Georgia and South Carolina. Defendants Michael Thomas, Next Group Marketing, LLC, and their employees/agents are also restrained and enjoined from disparaging Plaintiffs.

C. Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, LLC are restrained and enjoined from utilizing, disclosing, misappropriating, or converting any of Full Circle/Alison South's confidential information, trade secrets, proprietary information, and/or property;

D. Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, LLC are ordered to return all of Full Circle/Alison South's confidential information trade secrets,

proprietary information, and/or property without retaining any copies of the same;

E. Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, LLC are ordered to preserve any of Full Circle/Alison South's confidential information trade secrets, proprietary information, and/or property in their possession; and

F. Plaintiffs are permitted to conduct a forensic examination of all electronic devices and media in the possession, custody, or control of Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, LLC, and any former employees/agents of Plaintiffs that are employed by any Defendant, including, without limitation, computers, tablets, external hard drives, other external media and storage devices, smart phones, and e-mail accounts. Defendants are ordered to cooperate with such examination.

**IT IS FURTHER ORDERED** that this TRO shall remain in effect until the earlier of fourteen (14) days from the date of this Order, or until this Court's determination of whether this TRO should be converted into a preliminary injunction, the hearing for which is scheduled for **WEDNESDAY, DECEMBER 20, 2023 at 10:00 A.M.** in the Second Floor Courtroom of the United States District Court located at 600 James Brown Boulevard, Augusta, Georgia 30901.

Based on the above findings, Plaintiffs' motion for a TRO (Doc. 6) is **GRANTED** and Plaintiffs' motion for expedited discovery (Doc. 5) is **GRANTED IN PART**.

**SO ORDERED**, this 6th day of December, 2023, at 4:43 p.m.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5