IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| XIINGO.COM, INC.; FULL CIRCLE HOLDINGS, LLC; and ALISON SOUTH MARKETING GROUP, LLC, | * * * * | |
| Plaintiffs, | * * | CV 123-184 |
| v. | * * | |
| MICHAEL THOMAS; ASHLEY THOMAS; WESLEY ROBERTS; KATHLEEN SANDERS; and NEXT MARKETING GROUP, INC., | * * * * * | |
| Defendants. | * * | |

**O R D E R**

Before the Court is Plaintiffs' motion for order to show cause and request for a hearing. (Doc. 30.) For the following reasons, Plaintiffs' motion is **GRANTED**.

**I. BACKGROUND**

On December 5, 2023, Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction against Defendants Michael Thomas, Ashley Thomas, Wesley Roberts, and Next Marketing Group, Inc. (collectively, the "Defendants").[1]  (Doc.

---

[1] Defendant Kathleen Sanders, while a defendant in the case, is not part of the TRO. Thus, any reference to "Defendants" in this Order does no include Defendant Sanders.

6.) Plaintiffs contended they "w[ould] suffer immediate and irreparable injury unless these Defendants [we]re enjoined from: (1) the threatened and actual misappropriation of Plaintiffs' trade secrets and confidential business information; and (2) continued violations of Mr. Thomas's restrictive covenants in his employment agreement and the equity purchase agreement between him and Xiingo." (Id. at 1.)

On December 6, 2023, the Court granted Plaintiffs' motion for a TRO. (Doc. 14.) Under the Court's TRO, Defendants are "restrained and enjoined" from competing against Plaintiffs Full Circle Holdings, LLC ("Full Circle") and Alison South Marketing Group, LLC ("Alison South") in Georgia and South Carolina. (Id. at 3.) Defendants were also ordered to cooperate with Plaintiffs' forensic examination of "all electronic devices and media in the possession, custody, or control of Defendants." (Id. at 4.)

The TRO was to remain in effect for 14 days. (Id.) However, on December 14, 2023, and then again January 5, 2024, the Parties filed joint motions to extend the TRO and postpone the hearing. (Docs. 18, 21.) Both motions were granted, and the hearing was set for January 31, 2024. (Docs. 19, 22.) On January 22, 2024, the Court rescheduled the preliminary injunction hearing to February 1, 2024 at 10:00 A.M.

2

## II. LEGAL STANDARD

The Eleventh Circuit has described a specific procedure that must be followed before an injunction is enforced through the district court's civil contempt power. Reynolds v. Roberts, 207 F.3d 1288, 1297 (11th Cir. 2000). Specifically, "[p]recedent dictates that a plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance." Brown v. Johnson, 199 F. App'x 876, 878 (11th Cir. 2006) (quotation marks and citation omitted). Once this motion has been properly made, if the district court determines

> the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose. At the hearing, if the plaintiff proves what he has alleged in his motion for an order to show cause, the court hears from the defendant. At the end of the day, the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance.

Reynolds, 207 F.3d at 1298 (citations omitted).

Under the Eleventh Circuit's procedural framework, "the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order. After the movant satisfies this burden, the burden shifts to the alleged contemnor to explain his noncompliance at a show cause hearing."

Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 814, 821 (11th Cir. 2010) (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiffs' motion demonstrates the need for a show cause hearing. (See Doc. 30.) Under the TRO, Defendants and "their employees/agents, including but not limited to Defendants Wesley Roberts and Ashley Thomas, are restrained and enjoined from competing against Full Circle/Alison South in Georgia and South Carolina." (Doc. 14, at 3.) Plaintiffs submit with their motion multiple exhibits, including emails and correspondence from Defendants to Plaintiffs' former clients dated during the period the TRO has been effective. (See Docs. 30-6, 30-7, 30-9, 30-10, 30-11, 30-12, 30-14, 30-15.) For example, Defendants corresponded with former client Model Performance Group on December 11, 2023 indicating "Wes" would "handle the website." (Doc. 30-6, at 3.) Plaintiffs allege this correspondence demonstrates, at very least, that Defendants "took no action to notify [their] clients that [they] w[ere] now subject to the Court's TRO." (Doc. 30, at 7.) There is also evidence supported by exhibits that Defendant Ashley Thomas continued to engage in correspondence proscribed by the

TRO, including communications with Burke Health and Azalea Outdoor. (Id. at 7-9.)

Based on the evidence presented, the Court concludes Plaintiffs have presented sufficient evidence to warrant a show cause hearing.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for show cause hearing (Doc. 30) is **GRANTED**. The hearing on Plaintiffs' motion is scheduled for **THURSDAY, FEBRUARY 1, 2024 AT 10:00 A.M.** to be held in the Second Floor Courtroom of the United States District Court located at 600 James Brown Boulevard, Augusta, Georgia 30901.[2] Defendants are **DIRECTED** to file their response to Plaintiffs' motion (Doc. 30) on or before **TUESDAY, JANUARY 30, 2024 AT 5:00 P.M.**

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of January, 2024.

*[signature]*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will address Plaintiffs' motion for preliminary injunction (Doc. 6) immediately following arguments on the instant motion.

5